IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| JANIS WALTERS, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | NO. 7-04-CV-172-BD |
| § | |
| JO ANNE B. BARNHART, § | |
| Commissioner of Social Security § | |
| § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Janis Walters, appearing *pro se*, seeks judicial review of a final decision of the Commissioner of Social Security denying her application for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq*. For the reasons stated herein, the hearing decision is affirmed.

I.

Plaintiff alleges that she is disabled due to a variety of physical ailments, including a head injury, cervical disc disease, osteoarthritis, chronic pain, hypertension, and hyperthyroidism. After her application for social security benefits was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. This hearing was held on January 9, 2002. At the time of the hearing, plaintiff was 54 years old. She has a high school equivalency diploma with three semesters of college. Plaintiff has not worked in the past 15 years and has never engaged in substantial gainful activity.

The ALJ found that plaintiff was not disabled and therefore not entitled to supplemental security income benefits. Although the medical evidence established that plaintiff has a history of

closed head injuries, substance abuse, degenerative disc disease, chronic headaches, hypertension, obesity, mild depression and anxiety, and possible panic disorder without agoraphobia, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform a limited range of light, unskilled work. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as an electronics worker, a gluer, and an assembly bench worker--jobs that exist in significant numbers in the national economy. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

Plaintiff does not specify the grounds on which she challenges the denial of supplemental security income benefits. However, when asked to explain the basis of her claims against the Commissioner of Social Security, plaintiff responded, "New information and the decision is contrary to the weight of all the evidence now in the record." (*Spears* Quest. #1). The court will therefore examine the administrative record to determine whether the hearing decision is consistent with applicable legal standards and supported by substantial evidence.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but

less than a preponderance. *Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must then determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  *Id.*  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision.  The court weighs four elements to determine whether there is substantial evidence of disability:  (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history.  *Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991).  The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits.  *Ripley*, 67 F.3d at 557.  If the ALJ does not satisfy this duty, the resulting decision is not substantially justified.  *Id.*  However, procedural perfection is not required.  The court will reverse an administrative ruling only if the claimant shows that his substantive rights were prejudiced.  *Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

The ALJ found that plaintiff was not disabled because she had the residual functional capacity to perform a limited range of light, unskilled work.  (Tr. at 29-30).  As noted by the ALJ, plaintiff underwent a consultive medical evaluation in September 2000.  The examiner, Dr. Grethe Wik, found that plaintiff could frequently lift 25 pounds and occasionally lift 50 pounds, could stand, sit or walk for six hours during an eight-hour workday, and was not limited in her ability to

push or pull. (*Id.* at 455). No postural, manipulative, visual, communicative, or environmental limitations were noted. (*Id.* at 456-59). The results of that evaluation were consistent with the conclusion reached by another physician, Dr. Anica Naprta, one month earlier. Although Dr. Naprta determined that plaintiff suffered from degenerative joint disease of the cervical spine, hypertension, and the residual effects of a right shoulder injury, she concluded that plaintiff was able to sit, stand, move about, lift, carry, and handle objects. (*Id.* at 453). Two psychiatrists, Dr. Tim Ashaye and Dr. Jack Tomlinson, found that plaintiff was fully oriented, with good memory and concentration, and had above average intellectual functioning. (*Id*. at 153-58 & 446-49).[1]

There is ample medical evidence to support the finding that plaintiff can perform unskilled work at the light exertional level which does not involve standing for more than two hours, balancing, climbing steps or ladders, ambulation without the use of a cane, working at unprotected heights or around moving equipment, no more than superficial interaction with coworkers and the general public, and no more than moderate levels of stress or pressure. (*See id.* at 29). Clinton A. King, a vocational expert, testified that a person of plaintiff's age, education, and residual functional capacity could work as an electronics worker, gluer, or assembly bench work and that such jobs exist in significant numbers in the national economy. Nothing in the record suggests that this finding is inconsistent with applicable legal standards or not supported by substantial evidence.

C.

The court notes that the ALJ rejected the opinion of plaintiff's treating neurologist, Dr. B.R. Bartel, who wrote in July 1997 that the severity of plaintiff's high blood pressure, cervical spondylosis, and anxiety disorder precluded "any type of employment." (*Id.* at 339). The opinion

---

[1] The ALJ properly rejected the results of a third psychiatric evaluation performed by Dr. Tom Mareth, who described plaintiff as being mildly depressed and having delusional thinking, poor judgment, and low-normal intellectual functioning, as wholly inconsistent with and not supported by objective medical evidence. (*See* Tr. 347-48 & 28).

of a treating source is generally entitled to controlling weight so long as it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 404.1527(d)(2); *Spellman v. Shalala*, 1 F.3d 357, 364 (5th Cir. 1993). Even if a treating source opinion is not given controlling weight, it still is entitled to deference "and must be weighed using all of the factors provided in 20 C.F.R. 404.1527 and 416.972." SSR 96-2p, 1996 WL 374188 at *4 (SSA Jul. 2, 1996). *See also Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000). These factors require consideration of:

  (1) the physician's length of treatment of the claimant;

  (2) the physician's frequency of examination;

  (3) the nature and extent of the treatment relationship;

  (4) the support of the physician's opinion afforded by the medical evidence of record;

  (5) the consistency of the opinion with the record as a whole; and

  (6) the specialization of the treating physician.

20 C.F.R. § 404.1527(d)(2). A treating source opinion cannot be rejected absent good cause for reasons clearly articulated in the hearing decision. *Myers v. Apfel*, 238 F.3d 617, 621 (5th Cir. 2001). More specifically, the ALJ must clearly articulate the weight given to the treating source opinion:

> [T]he notice of the determination or decision must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the case record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight.

SSR 96-2p, 1996 WL 374188 at *4-5.

  In a thorough and well-reasoned decision, the ALJ explained why he rejected Dr. Bartel's opinion that the severity of plaintiff's physical and mental impairments rendered her unable to work:

> [T]he claimant has been followed by [Dr. Bartel] with long-term ongoing medical treatments and evaluations. Diagnostic studies of her lumbar and cervical spinal regions have revealed basically mild degenerative disc disease of her cervical spinal region without any evidence of spinal fractures or nerve root compressions. Nor have diagnostic studies confirmed the existence of any radiculopathies or significant neurological deficits. To the contrary, physical examinations have persistently shown her to demonstrate[] good strength, mobility, and motor function in her spine and all her extremities and joints . . . [Dr. Bartel] did not refer the claimant for any invasive treatments or extensive physical therapies. A review of [Dr. Bartel's] treatment[] notes does not show[] him to have persistently described the claimant as suffering considerable physiological work-related restrictions and limitations . . . [T]he claimant's hypertension and mild obesity has been followed with appropriate medical treatments and medication therapies . . . The claimant has not required any inpatient or emergency treatments to address acute psychiatric disorders. . . Although at times she reported a history of possible panic attacks without agoraphobia, this reported history has been very inconsistent. In contrast to the history and signs of hallucinations, delusions, and thought disorders described and/or exhibited during the January 1998 consultative psychiatric evaluation, no such mental disorders are [] confirmed to exist anywhere else in the hearing record. Neither of other two consultative psychiatric evaluations, the ongoing neurological treatment notes, or other ongoing medical treatment notes confirm any evidence of hallucinations, delusions, psychosis, or any other thought disorders.

(*Id.* at 27) (internal citations omitted). This explanation constitutes "good cause" for giving the treating source opinion limited or no credence. Although the ALJ did not make a specific finding as to each of the factors set forth in 20 C.F.R. § 404.1527(d)(2), his narrative indicates that each factor was considered. (*Id*). The regulations require only that the hearing officer "apply" the section 1527(d)(2) factors and articulate good reasons for the weight assigned to the treating source opinion. 20 C.F.R. § 404.1527(d)(2). The judge need not recite each factor as a litany in every case. *See Alejandro v. Barnhart*, 291 F.Supp.2d 497, 507 (S.D. Tex. 2003). No error occurred in this regard. *Spellman*, 1 F.3d at 365.

D.

The ALJ also found that plaintiff's testimony regarding her symptoms and pain was not credible to the extent alleged. (Tr. at 26-27). This conclusion is consistent with the opinion of Dr. Naprta, who noted that plaintiff's presentation of pain "does seem exaggerated." (*Id*. at 453). Moreover, plaintiff consistently reported that she is able to cook, clean, shop, take care of her grooming, pay bills, and keep up with her checkbook. (*See id*. at 349, 448, 522-23). The nature and extent of these activities undermine any argument that plaintiff is unable to perform light, unskilled work.

E.

Finally, plaintiff challenges the hearing decision based on "new information" in the form of a letter from Dr. Bartel dated November 10, 1997. (*See Spears* Quest. #1). This letter states, in pertinent part:

> [Plaintiff] has a history of cervical disk disease with osteoarthritis in the cervical and lumbar spine. This produces intractable neck pain and headaches. She also has hypertension that is difficult to control that produces periodic dizziness and balance problems. She also has long standing panic disorder with depression which prevents her from learning new job activity or concentrating for on [sic] the job activity.
>
> She is unable to lift or carry more than 20 lbs. She is unable to engage in the daily activities required to keep and maintain employment or concentrate or learn new tasks for job performance.
>
> Because of this, I think she is disabled from gainful employment.

(*Id.* at 346).

A claimant relying on new evidence must establish good cause for failing to introduce the evidence in the prior proceeding. *See Bradley v. Bowen*, 809 F.2d 1054, 1057 (5th Cir. 1987). Even if the claimant meets this initial burden, a remand is not warranted if there is no reasonable

probability that the new evidence would have changed the outcome of the disability determination. *Id.*; *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981). Dr. Bartel's letter was introduced into evidence at the hearing held on January 9, 2002 and is contained in the administrative record. Therefore, the letter does not constitute "new evidence" justifying a remand.[2]

### **CONCLUSION**

Having reviewed the entire record, the court finds that the ALJ's decision denying plaintiff's application for supplemental security income benefits is consistent with applicable legal standards and supported by substantial evidence. Accordingly, the hearing decision is affirmed in all respects.

SO ORDERED.

DATED:  November 23, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

[2] The court also notes that the opinion rendered by Dr. Bartel in his November 10, 1997 letter is exactly the same as his earlier opinion that plaintiff is "unable to work in any type of employment," which was rejected by the ALJ. (*Compare* Tr. at 339 *and* 346). It is therefore unlikely that this letter would have changed the outcome of the disability determination.